# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3589
_____

United States of America

*Plaintiff - Appellee*

v.

Richard E. Tripp

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: September 23, 2024
Filed: November 22, 2024
[Unpublished]
_____

Before SMITH, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Richard Tripp received a 235-month prison sentence after a jury found him guilty of both distributing and possessing child pornography. *See* 18 U.S.C. § 2252(a)(2), (4)(B). Although he argues that the government did not prove either crime and that his sentence is substantively unreasonable, we affirm.

I.

A search of Tripp's basement bedroom turned up electronic devices containing his personal emails, banking information, and hundreds of images of child pornography. As he told the officer at the beginning of the search, any child pornography on them "would be [his] responsibility." The jury reasonably drew the same conclusion. *See United States v. Grauer*, 701 F.3d 318, 324 (8th Cir. 2012) (reviewing the sufficiency of the evidence de novo).

It is true that Tripp lived with other sex offenders, one of whom was caught with child pornography that day. The images found on Tripp's devices, however, were a different "genre," which supported the reasonable inference that each set belonged to a different person, even though Tripp later testified that he was not responsible for any of it. *See United States v. Wright*, 739 F.3d 1160, 1168 (8th Cir. 2014) (requiring a "nexus linking the defendant to the contraband"). "Credibility determinations," after all, "are uniquely within the province of the [jury]." *United States v. Smith*, 4 F.4th 679, 687 (8th Cir. 2021) (citation omitted).

II.

Sentencing decisions, on the other hand, are committed to the district court's[1] discretion. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (laying out the standard of review). Among the most relevant factors in setting Tripp's sentence were his dishonesty and "personal history," including his "prior criminal" behavior. Even after considering "the length of the . . . sentence," "his age," and the likelihood he would die in prison, the court gave him a 235-month sentence. It did not abuse its discretion in doing so. *See United States v. Moua*, 895

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

F.3d 556, 560 (8th Cir. 2018) (per curiam) (discussing the sentencing court's "wide" discretion (citation omitted)).

## III.

We accordingly affirm the judgment of the district court.

_____